# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ADONAI EL-SHADDAI, | ) | 1:11-cv-02018-JLT HC |
| Petitioner, | ) ) | FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF |
| v. | ) ) | HABEAS CORPUS (Doc. 1) |
| C. GIPSON, Warden, | ) ) | ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS |
| Respondent. | ) ) ) | ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE TO CASE |

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On December 9, 2011, Petitioner filed his petition for writ of habeas corpus in this Court. (Doc. 1).

Petitioner alleges that he is in custody of the California Department of Corrections and Rehabilitation ("CDCR"), serving a sentence of life with the possibility of parole, as a result of a conviction for kidnapping for robbery and two counts of aiding and abetting rape in the Los Angeles County Superior Court on July 25, 1979. (Doc. 1, p. 1). However, Petitioner does not challenge either his conviction or sentence. Instead, Petitioner raises two grounds for relief in his petition: (1) CDCR wrongfully denied his request to be served a kosher Jewish diet in prison; and (2) CDCR wrongfully denied his request for a name change to conform to his religious beliefs. (Doc. 1, p. 13).

///

1

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485, 93 S. Ct. 1827 (1973); Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003)("[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has also held that "[h]abeas corpus jurisdiction also exists when a petitioner seeks expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole." Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989); see also Docken v. Chase, 393 F. 3d 1024, 1031 (9th Cir. 2004)("[W]e understand Bostic's use of the term 'likely' to identify claims with a sufficient nexus to the length of imprisonment so as to implicate, but not fall squarely within, the 'core' challenges identified by the Preiser Court.")

In contrast to a habeas corpus challenge to the length or duration of confinement, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, as mentioned, Petitioner alleges that his request for a kosher Jewish diet and for a name change on religious grounds were wrongfully denied by Respondent. As relief, Petitioner requests that he be admitted into the prison Jewish Diet Program, that he be allowed a

legal name change as a tenet mandated by his religious beliefs, that he be allowed to join a Kabbalah Study Group to further his religious training, and that the Court order Respondent and its employees to refrain from harassment, threats, or punishment of Petitioner during the pendency of his petition. (Doc. 1, p. 13).

Petitioner is thus challenging the conditions of his confinement, not the fact or duration of that confinement. No relief requested by Petitioner in his petition would affect, nor even potentially *could* affect, the fact or duration of Petitioner's sentence. Therefore, Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed. Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

**ORDER**

For the foregoing reasons, the Court HEREBY DIRECTS the clerk of the Court to assign a United States District Judge to this case.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS:

1. That the petition for writ of habeas corpus (Doc. 1), be DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas corpus relief; and,

2. That the Clerk of Court be DIRECTED to send Petitioner the standard form for claims pursuant to 42 U.S.C. § 1983.

This Findings and Recommendation is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

///

///

1     The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 14, 2011**                          **/s/ Jennifer L. Thurston**
                                                             UNITED STATES MAGISTRATE JUDGE